IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARCUS HUFF,<br>#62983-510 | §<br>§<br>§ | |
| Plaintiff, | §<br>§ | |
| v. | §<br>§ | No. 3:24-cv-00452-G (BT) |
| LIMESTONE COUNTY<br>DETENTION CENTER, ET AL. | §<br>§<br>§ | |
| Defendants. | §<br>§ | |

## **ORDER OF TRANSFER**

*Pro se* plaintiff Marcus Huff, a prisoner in the Limestone County Detention Center, filed a prisoner civil rights complaint against the Limestone County Detention Center and its laundry department. Upon review of the complaint and applicable law, the Court concludes that Huff's case should be transferred to the Waco Division of the Western District of Texas.[1]

Title 28 U.S.C. § 1391(b) governs venue of a federal cause of action. That statute states in pertinent part:

A civil action may be brought in –

(1)     a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

---

[1] Under Miscellaneous Order No. 6, the United States Magistrate Judge is authorized to transfer cases by *pro se* parties to the proper or appropriate district of division.

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

Huff alleges that the Limestone County Jail laundry department lost his clothing, and he went five days without any clothing except for boxers. ECF No. 3 at 6. He alleges that his clothes were not washed, resulting in a boil. ECF No. 3 at 6. He seeks "restitution." ECF No. 3 at 6.

The Northern District of Texas is not the correct venue for this case. Huff does not name any defendant who resides in the Northern District of Texas. Nor did a substantial part of the events underlying his complaint occur here. Rather, Huff complains about the conditions of his confinement at the Limestone County Detention Center, which is within the Waco Division of the Western District of Texas. *See* 28 U.S.C. § 124.

When a court finds that venue is improper, it may, in the interest of justice, transfer the case to any district in which the case could have been brought. 28 U.S.C. § 1406(a). Here, the Court finds that it is in the interest of justice to transfer this case to the Waco Division of the Western District of Texas, where the events that Huff is complaining about occurred. Therefore, the Court TRANSFERS this case to the Waco Division of the Western District of Texas.

SO ORDERED

Signed February 29, 2024.

                            REBECCA RUTHERFORD
                            UNITED STATES MAGISTRATE JUDGE